# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570<br><br>(Pending in the Southern District of Indiana, Indianapolis Division) |

## MOTION OF NONPARTY FRANK LYNCH, M.D. TO QUASH SUBPOENA

Nonparty, Frank Lynch, M.D. ("Dr. Lynch"), respectfully requests that this Court quash the Subponea served upon him pursuant to Fed. R. Civ. P. 45 or, alternatively, modify the subpoena and compensate Dr. Lynch for his search for records and any subsequent deposition. Dr. Lynch avers as follows in support of this Motion:

1. Dr. Lynch is employed by the Penn State Milton S. Hershey Medical Center as an Interventional Radiologist at the Penn State Heart and Vascular Institute.

2. On or about January 31, 2017, Dr. Lynch was served at his place of employment with a Subpoena to Produce Documents, Information, or Objects issued by attorney Ben C. Martin as Lead Co-Counsel for the Plaintiffs in the above-captioned multi-district litigation. A copy of the Subpoena is attached hereto as **Exhibit A**.

3. Pursuant to Federal Rule of Civil Procedure 45(d)(3), the court for the district where compliance with a subpoena is required may address motions to quash or modify a subpoena.

4. The Subpoena requires the production of documents in Harrisburg, Pennsylvania, which is within this Court's jurisdiction.

5. The above-captioned multi-district litigation is believed to consist of approximately 1,400 lawsuits against medical device manufacturer Cook Medical relating to an alleged defect in Cook Medical's IVC filter, a medical device placed in the inferior vena cava to catch blood clots and stop them from traveling to the heart or lungs. (See generally, MDL Case Information, available at http://www.insd.uscourts.gov/mdl-case-information).  The cases generally allege device design, misrepresentation in marketing, and failure to warn doctors and patients.  (Id.)

6. Among the 27 broad categories of documents that Dr. Lynch has been requested to produce is a request that he produce "Any and all documents related to Elizabeth Hill."  (Ex. A, p. 4, No. 27 relating to "**Case Specific Requests**.")

7. Ms. Hill has filed a lawsuit against Cook Medical Incorporated and her action is one of the approximately 1,400 that have been coordinated in the multi-district litigation. (<u>See</u>, Short Form Complaint, attached as **Exhibit B**.)

8. Dr. Lynch's sole involvement in Ms. Hill's care and treatment was limited to his *removal* of her IVC filter. Neither Dr. Lynch nor the Penn State Milton S. Hershey Medical Center were involved in the initial selection, placement, or follow up of Ms. Hill's IVC filter.

9. Despite his limited role in Ms. Hill's treatment, Dr. Lynch has received a Subpoena demanding 27 categories of documents, with one single category and one single request being related to "**Case Specific Requests**" and Plaintiff Elizabeth Hill. (See, Ex. A.)

10. The documents to be produced pursuant to the Subpoena are overly broad in scope, fail to contain any time limitations, are vague, request potentially confidential and privileged information, and in many cases are not even limited to Cook Medical, Inc.

11. Moreover, although he has only been served with a Subpoena for the production of documents, counsel has also served a

"Notice to Take the Videotaped Oral Deposition With Attached Subpoena Duces Tecum of Frank Lynch, M.D." A copy of this document is attached as **Exhibit C**. Apparently counsel intends to conduct Dr. Lynch's deposition.

12. Federal Rule of Civil Procedure 45(d)(1) requires that an attorney who has served a subpoena upon a non-party "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

13. Rule 45(d)(1) further provides that "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply" with the obligation to avoid imposing undue burdens and expenses on non-parties.

14. Moreover, Rule 45(d)(3)(A) *requires* that a court quash or modify a subpoena in four limited situations: (i) if the Subpoena fails to allow a reasonable time for compliance; (ii) if the Subpoena requires a non-party to travel more than 100 miles to produce the requested documents; **(iii) if the Subpoena requires disclosure of privileged**

4

**or other protected matter and no exception or waiver applies; or, (iv) if the Subpoena subjects a person to undue burden.** (emphasis added).

15. Rule 45(d)(3)(B) also permits the court, for the protection of a person subject to or affected by a subpoena, to quash or modify a subpoena if compliance with it requires: (i) disclosure of a trade secret or other confidential research, development, or commercial information; or, (ii) disclosure of an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

16. The Subpoena issued upon Dr. Lynch must be quashed because it imposes undue burdens upon him and is incurably overbroad, limitless, vague, and in many instances incomprehensible.

17. The Subpoena issued upon Dr. Lynch should also be quashed because it requires disclosure of an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that were not requested by a party.

18. It is undisputed that Dr. Lynch was not retained by any party in this litigation.

19. Moreover, Dr. Lynch's sole involvement in any issue related to this litigation is his *removal* of Plaintiff Elizabeth Hill's IVC filter.

20. Beyond Dr. Lynch's removal of Ms. Hill's IVC filter, the details of which are documented within her medical records presumably possessed by counsel, Dr. Lynch possesses no facts regarding the "specific occurrences in dispute."

21. Plaintiff's Subpoena requiring that Dr. Lynch produce documents other than materials relating solely to his treatment of Ms. Hill is unduly burdensome and simply an attempt to obtain expert testimony from Dr. Lynch regarding IVC filters without retaining him as an expert and compensating him for his time and expertise.

22. It is unduly burdensome to require that Dr. Lynch, as a non-party, make a search for and produce materials that are presumably equally available from Cook Medical, Inc., a party to the lawsuit, such as agreements with Cook; Cook policies, procedures, and other similar documents; promotional material provided by Cook; communications between Dr. Lynch and anyone at Cook, etc.

23. It is further unduly burdensome to require that Dr. Lynch engage in a search for and produce materials that are not even related

to Cook, as contemplated by many of the requests within the Subpoena. The following requests from the Subpoena are provided solely by way of example because the Subpoena is otherwise replete with such vague, overbroad requests that are not limited to Cook Medical:

    (a)    Documents relating to payment or reimbursement for services or costs incurred "relating to IVC filters";

    (b)    Calendars or other documents or communications reflecting participation in "any public or private meeting, forum, or event in which IVC filters were discussed";

    (c)    Training documents or communications prepared by or provided to Dr. Lynch relating to IVC filters; and,

    (d)    "Any and all presentations relating to IVC filters…";

    (e)    "Documents and communications relating to monies and agreements with any / all filter manufacturers."

    24.    Many of the subpoena requests are also unduly burdensome and are designed to elicit expert opinion information from Dr. Lynch despite him not being retained by any party in this case. For instance, the following requests are exemplary of an attempt to obtain the results

of Dr. Lynch's research pursuits totally unrelated to this litigation but prepared, instead, as a physician at an academic medical center:

    (a)    Training documents or communications prepared by Dr. Lynch relating to IVC filters;

    (b)    Any and all presentations relating to IVC filters presented, or intended to be presented, by Dr. Lynch;

    (c)    "Key opinion leader" or "thought leader" – whatever those terms mean – materials prepared by Dr. Lynch related to IVC filters;

    (d)    Documents relating to participation in preclinical or clinical testing of Cook IVC filters;

    (e)    Documents "prepared by you…relating to Cook IVC filters or IVC filters generally."

25. It is inconceivable how counsel has taken any steps to "avoid imposing undue burden or expense" on Dr. Lynch in issuing this remarkably broad Subpoena.

26. The undersigned timely notified counsel of objections to the Subpoena insofar as the Subpoena requested any materials beyond

those personally possessed by Dr. Lynch related to Ms. Hill. A copy of counsel's letter to Mr. Martin is attached as **Exhibit D**.

27. Neither Attorney Martin nor another attorney tasked with addressing this issue by Attorney Martin, Will Moody, Jr., were subsequently willing to reduce the scope of the subpoena in a subsequent telephone conversation.

28. Attorney Martin, in fact, now appears to be engaged in a pattern of attempting to harass Dr. Lynch with the issuance of broad subpoenas relating to Dr. Lynch's work with IVC filters, presumably in an attempt to obtain Dr. Lynch's expert opinions against his will and without compensation to him.

29. Specifically, Attorney Martin's office previously served a similarly broad subpoena upon Dr. Lynch in other multi-district litigation related to IVC filters against C.R. Bard, Inc. A copy of that Subpoena is attached as **Exhibit E.**

30. As with the Subpoena in this action, Attorney Martin's office made absolutely no attempts to meaningfully limit the scope of the subpoena and burden upon Dr. Lynch in the production of materials.

31.     This Court, consequently, quashed that previously issued subpoena and sanctioned Attorney Russell T. Button of Attorney Martin's office pursuant to Federal Rule of Civil Procedure 45(d)(1) by awarding Dr. Lynch counsel fees.  A copy of Judge Caldwell's Memorandum Opinion quashing the Subpoena is attached as **Exhibit F**.

32.     With regard to the broad subpoena issued in the Bard matter, Judge Caldwell stated in part as follows:

> "While some of the information obtained from Dr. Lynch through these vast requests could be helpful to her case, Plaintiff has not demonstrated that she would be unable to obtain the relevant information through discovery with the parties actually involved in that suit."

(Ex. F, p. 5.)  The exact same statement could now be made again in this matter.

33.     Judge Caldwell also previously held, in part, that "we conclude that by initially serving this overbroad subpoena and continually seeking its enforcement over the past eleven months, Plaintiff's counsel has failed to take 'reasonable steps to avoid imposing

undue burden or expense on a person subject to the subpoena'" and ultimately awarded counsel fees as a sanction. (Ex. F, pp. 6-7; see also April 21, 2014 Order attached as **Exhibit G**.)

34. The instant Subpoena upon Dr. Lynch is just as overbroad, vague, and unduly burdensome as the prior subpoena issued by the same firm in IVC filter related litigation.

35. Based on the averments above, Plaintiffs have failed to take reasonable steps to avoid imposing undue burden on Dr. Lynch and, insofar as the subpoena encompasses work performed in the scope of his employment with the Penn State Milton S. Hershey Medical Center, the Medical Center has had to retain the undersigned and incur the costs associated with addressing the scope of the subpoena and filing this Motion to Quash.

36. Accordingly, Dr. Lynch requests that Attorney Martin be ordered to pay the counsel fees and costs associated with having the subpoena quashed.

37. Pursuant to Middle District Rule 26.3 and Federal Rule of Civil Procedure 45(d)(2)(b), the undersigned certifies that he served objections to the subpoena by letter to counsel attached as **Exhibit D**

and subsequently attempted, in good faith, to resolve those objections without court intervention. During a telephone call of February 16, 2017, Attorney Will Moody, Jr., who was tasked by Attorney Martin to address this matter, was unwilling to withdraw or otherwise limit the broad requests within the Subpoena.

WHEREFORE, Dr. Lynch respectfully requests that this Court quash Plaintiff's Subpoena and award him reasonable counsel fees associated with addressing the Subpoena and filing the instant Motion.

Respectfully submitted,

Dated: 2/17/17

/s Jonathan B. Stepanian
Jonathan B. Stepanian, Esquire
Attorney for Movant, Frank Lynch, M.D.
PA 89147
1249 Cocoa Ave., Suite 210
Hershey, PA  17033
(717) 533-4444
jbstepanian@mqblaw.com